**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Michael Goins, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2013-002278

———————————

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

———————————

Unpublished Opinion No. 2015-UP-073
Submitted December 1, 2014 – Filed February 11, 2015

———————————

**REMANDED**

———————————

Michael Goins, pro se.

Daniel John Crooks, III, and Christopher D. Florian, both
of the South Carolina Department of Corrections, of
Columbia, for Respondent.

———————————

**PER CURIAM:** Michael Goins, an inmate incarcerated with the South Carolina Department of Corrections (SCDC), appeals his conviction for trafficking, use, or possession of narcotics, marijuana, or unauthorized drugs, including prescription drugs or inhalants, and the administrative law court's (ALC's) dismissal of his

appeal.  Appellant argues the ALC erred by dismissing his case pursuant to Rule 60(A) of the South Carolina Administrative Law Court Rules for failure to comply with the rules of procedure in his appeal.  We remand.

Rule 60(A) sets forth the time limits to file an original brief in an appeal of a prison disciplinary conviction:  "Unless otherwise ordered, the party first noticing the appeal shall file an original brief within sixty-five (65) days after the date of assignment."  Rule 53(A), SCALCR, sets forth the requirements for filing a document:

> The date of the filing is the date of delivery or the date of mailing as shown by the postmark or by the date stamp affixed by the mail room at the appellant's correctional institution.  Any document filed with the Court shall be accompanied by proof of service of such document on all parties.  A document, pleading or motion or other paper is deemed filed with the Court by:
>
> (1) delivering the document to the Court; or
>
> (2) depositing the document in the U.S. mail or in the mail room at the appellant's correctional institution, properly addressed to the Court, with sufficient first class postage attached.

Goins's appeal was assigned to the ALC on July 26, 2013, making his brief due on or before September 30, 2013.  However, according to the ALC's order dismissing Goins's appeal, his brief had not been filed as of October 4, 2013.  Goins maintains he properly filed his brief on September 13, 2013, well within the deadline for filing, by depositing it in the mail room at his correctional institution.  In support of his proposition, Goins submitted a signed, dated, and notarized Proof of Service showing that on September 13, 2013, he served a copy of his brief on the ALC and SCDC by mailing it to their addresses.  Goins also submitted a copy of a SCDC Form 10-14 "Agreement to Debit E.H. Cooper Account" to prove he agreed to have two letters, presumably containing his brief, sent via "out-agency mail" to the ALC and SCDC Office of General Counsel.  The Form 10-14 was signed and dated by both Goins and Mailroom Supervisor Nancy Merchant and stated the mail

was sent on September 16, 2013.[1]  Because evidence in the record suggests Goins properly complied with the applicable time limits, we remand the case to the ALC for an evidentiary hearing to determine whether Goins made a good faith effort to timely file his brief.  *See* Rule 62, SCALCR ("Upon motion of any party, or on its own motion, [the ALC] may dismiss an appeal or resolve the appeal adversely to the offending party for failure to comply with any of the rules of procedure for appeals, including the failure to comply with any of the time limits . . . . Notwithstanding the time frames established herein, the [ALC] has the discretion to determine that a document is timely filed upon a finding that the party who filed the document made a good faith effort to file the document within the applicable time limits.").

**REMANDED.**[2]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] Although Goins stated that he deposited his briefs in the mail room on September 13, 2013, he also included in his brief that the documents were not sent until September 16, 2013, as indicated by the signature of the mail room supervisor on the Form 10-14.  Under Rule 53(A), the date of filing is the date the inmate deposits the document in his correctional institution's mail room, not the date the mail departs from the mail room.  Therefore, based on the evidence presented by Goins, the date of filing would be September 13, 2013, not September 16, 2013.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.